Kathleen M. ALDRIDGE, Guardian of the Estate of John M. Moore, Jr., Incompetent, Plaintiff,

v.

OXFORD APPAREL, INC. and Oxford Industries, Inc., Defendants.

Nos. 1:01CV334, 1:01CV335.

United States District Court, M.D. North Carolina.

Dec. 9, 2004.

William V. McPherson, Jr., McPherson & Rocamora, PLLC, Durham, NC, Lance Archer Wootton, Wootton & Wootton, Laura Keohane, Durham, NC, for Plaintiff.

Edward Cook Lecarpentier, III, Cranfill Sumner & Hartzog, L.L.P., Raleigh, NC, for Defendant.

## FINDING OF FACTS AND CONCLUSIONS OF LAW

BEATY, District Judge.

This matter comes before the Court on a joint motion by all of the parties for approval of a settlement reached on behalf of the estate of the incompetent, John M. Moore, Jr., as per Local Rule 17.1(c), which requires that no civil action in which an incompetent is a party may be settled or otherwise terminated without the approval of the Court. For this matter, the Court will apply Local Rule 17.1(e), which provides that before a judgment approving a compromise settlement of claims of an incompetent are presented to the Court, such a settlement must be consented to by counsel for the parties to the action and by the guardian *ad litem*. Additionally, Local Rule 17.1(e) provides that the judgment presented must show that the parties have agreed to the settlement, the amount of the settlement, that the court has conducted a hearing on the matter, that the court has found the proposed settlement to be fair, reasonable, and in the best interest of the incompetent, and that the court has approved the compromise settlement agreement. Therefore, after an evidentiary hearing held on this matter on December 7, 2004, this Court makes the following findings of fact and conclusions of law:

1. All parties are properly before the Court having received due notice and opportunity to be heard. In addition to notice to Kathleen M. Aldridge, his Guardian *ad litem*, the incompetent, John M. Moore, Jr., as well as his children, John M. Moore, III., and Jennifer Linton Moore Dell'Oro each received actual notice of the settlement approval hearing before this Court pursuant to Local Rule 17.1. Such notice as well informed each of them of the Court's Order in open court on October 27, 2004, that any and all interested parties and their counsel were to appear in person at the December 7, 2004, hearing and that any person not so appearing shall be deemed to have waived any interest they may be able to assert in this action and any objection or complaint as to the outcome of the settlement approval hearing. Neither John M. Moore, Jr., nor his children, John M. Moore, III and Jennifer Linton Moore Dell'Oro personally ap-

peared and each thereby has waived his or her right to assert any claim or interest in this proceeding and each is barred from subsequently raising any objection or other complaint regarding the outcome of this proceeding.

The interests of John M. Moore, Jr., however, are fully represented by Kathleen M. Aldridge, as his Guardian *ad litem*, and by his counsel personally appearing before this Court. Therefore, the personal appearance of the incompetent John M. Moore, Jr. is excused by the Court Additionally, a duly authorized representative of Oxford Industries and its counsel appeared on its behalf. As such, the Court finds that all necessary parties as required by Local Rule 17.1(c), including attorneys for all parties and the guardian *ad litem*, either participated in the hearing to determine whether the settlement agreement was fair, reasonable, and in the best interests of the incompetent, John M. Moore, Jr., or were properly excused.

2. This Court has jurisdiction over the parties and the subject matter of this case. This is a diversity action and complete diversity exists between Plaintiff and Defendant. For the purpose of determining diversity, Oxford Apparel no longer exists and did not exist as a separate corporate entity at the time this suit was instituted. Oxford Industries is the appropriate entity for diversity purposes in its own right and as successor to Oxford Apparel because it is neither a citizen nor a resident of North Carolina. But rather it is incorporated in the state of Georgia and has its principal place of business in Atlanta, Georgia. Kathleen M. Aldridge and John M. Moore, Jr. are citizens and residents of North Carolina. Therefore the Court finds that this action was properly and timely removed to this Court by Oxford Industries from North Carolina state court.

3. Kathleen M. Aldridge is the duly qualified Guardian *ad litem* of the estate of John M. Moore, Jr., having been duly appointed by the Clerk of Superior Court for Durham County, North Carolina. Kathleen Aldridge, acting as Guardian, has proceeded diligently and in good faith to protect the estate and the best interests of her ward, John M. Moore, Jr. She has competently prosecuted the claims alleged in this lawsuit with resolve and with the assistance of qualified and able counsel. To the extent he has the competency to do so, if any, John M. Moore, Jr. has consented to and ratified the terms of the November 28, 2003, settlement negotiated and agreed to by his Guardian. The dealings between the parties to this action have been arms length and adversarial at all times and the November 28, 2003, settlement presented to this Court by the parties for approval is the product of actual, full, and fair negotiations arising out of a mediation process which has been generally recognized, sanctioned, and encouraged both by this Court and the state courts of North Carolina.

4. The parties have had ample time to consider the settlement and its ramifications. In particular, the three years which have elapsed since the initiation of mediation and the year which has elapsed since the ratification of the settlement by John M. Moore, Jr. have provided more than adequate time for the parties to consider and reconsider this settlement, its terms and the wisdom of entering into it. The Guardian has used this time to consult with additional counsel as well as numerous other professionals including tax advisors and doctors for her ward about whether this settlement is in the best interest of the estate of John M. Moore, Jr. Consultation about the terms of the settlement on a number of occasions between the Guardian and the family of her ward including his

mother and brother has also occurred during this period. All parties remain fully committed to the settlement upon which they have agreed and the Guardian, in particular, is of the opinion that this settlement continues to be in the best interest of John M. Moore, Jr. and his estate.

5. The Court takes judicial notice of the findings by the Clerk of Superior Court for Durham County who also has reviewed, approved, and authorized this settlement. The Guardian presented the November 28, 2003, settlement to the Clerk at a hearing held on due notice to all interested parties and all such parties either appeared or waived their appearance at such hearing. The Clerk found the terms of the settlement to be fair, the product of appropriate and diligent action by the Guardian on behalf of her ward, and in the best interest of John M. Moore, Jr. and his estate. The transcript of that hearing as well as the Clerk's order have been offered and received into evidence by this Court.

6. The Court has considered the roles of counsel for the Guardian and finds that such counsel have ably and fully represented the Guardian and the interests of her ward with all due diligence and without disqualifying or disabling conflicts of interest. In particular, the Court has reviewed the representation of the Guardian by Mr. McPherson at the request of John M. Moore, Jr., who Mr. McPherson also represents individually. The Court finds that no conflict arose in Mr. McPherson's dual representation and specifically finds that Mr. McPherson has not received inconsistent instructions from his clients such as might create a conflict for Mr. McPherson's continued representation of the Guardian. Mr. McPherson became involved in the prosecution of this proceeding at the request of John M. Moore, Jr. with the Guardian's assent. The Guardian

has informed the Court and the Court so finds that Mr. McPherson has been particularly helpful to her in pursuing the best interests of her ward and this action on her ward's behalf. Throughout this case, the Guardian has also been represented by independent counsel who are in agreement that this settlement is an appropriate resolution of this case and in the best interests of John M. Moore, Jr.

7. The Court has reviewed the settlement as well as considered the testimony and other evidence offered to the Court by the parties. The Court finds that the settlement is fair, reasonable, and in the best interests of John M. Moore, Jr. The Court further finds that the settlement is the product of a fair, reasonable, and appropriate arms length negotiation between actual adversaries and derives from a mediation process which has been approved and sanctioned by this Court. The Court finds that all parties had adequate opportunity to investigate and evaluate the claims at issue as well as the terms of the settlement and that all parties, and the Guardian in particular, have done so with reasonable diligence and competence.

The Court therefore finds that the November 28, 2003, settlement is approved and ratified by this Court in all respects. As a result, the Court orders that the terms of the settlement are hereby incorporated into and made a part of this Order. All monetary sums to be paid to the estate pursuant to the terms of the settlement shall be paid to the Clerk of this Court, as provided in the settlement agreement. In particular, in addition to the incorporation of all the terms of the settlement, the Court further orders that the insurance policy to be transferred under the settlement agreement, as well as the 442 shares of stock received by Oxford as a result of the "demutualization" of the issuing insurance company, shall be deliv-

ered to Kathleen M. Aldridge, Guardian for the Estate of John M. Moore, Jr., Incompetent within 45 days of the entry of this Order. This time frame takes into account the full expiration of the 30 day period for either party to undertake a timely appeal of this Court's Order and Judgment approving the settlement agreement between the parties.

Furthermore, pursuant to agreement of the parties and all counsel, no attorneys' fees nor litigation costs shall be paid from the proceeds of the settlement, and any and all dividends already received by Oxford on the 442 shares of stock shall be included as sums to be paid to the Clerk of this Court as provided above. Sums paid to the Clerk pursuant to this Order shall be disbursed to the Guardian, there being no claims for attorneys' fees or other costs chargeable against them. Upon satisfaction of the conditions set out herein, all claims in this action against Oxford are dismissed with prejudice.

8. In furtherance of the settlement and pursuant to its terms, the Court finds that the 1990 settlement agreement of the 1990 civil actions which is the subject of this litigation is ratified and remains in full force and effect. The issue of John M. Moore, Jr.'s competence as of the date of that 1990 settlement remains unresolved and has no need of resolution by virtue of the settlement in this case. However, Oxford's rights or interests with regard to the issue of John M. Moore, Jr.'s competence are not prejudiced or compromised in any way by this settlement, the settlement approval process, the orders of this Court or the orders of the Clerk of Superior Court for Durham County, and all such rights and interests of Oxford are hereby preserved. The Court further finds that the Rule 60(b) motion, as filed in the year 2001 in the 1990 actions and removed to this Court, is moot, and dismissal of that proceeding is fair, reasonable, and in the best interests of John M. Moore, Jr.

This Court's Finding of Facts and Conclusions of Law shall constitute satisfaction and full compliance of all the required elements of Local Rule 17.1 or any other prerequisites for the dismissal of any and all proceedings before this Court. In addition, the Court finds that the outstanding Rule 60(b) motion that is filed in file number 1:01CV335 shall be dismissed with prejudice by the Clerk of this Court upon the filing of this Order.

Therefore, based on the preceding finding of facts and conclusions of law, this Court, pursuant to LR 17.1, concludes that the November 28, 2003, compromise settlement by and between the parties on the behalf of the incompetent, John M. Moore, Jr., as well as any modifications thereto made a part thereof by this Order, is hereby found to be fair, reasonable, and in the best interests of Mr. Moore. As such, this Court will grant Plaintiff and Guardian *ad litem* Kathleen M. Aldridge and Defendants Oxford Apparel, Inc. and Oxford Industries, Inc.'s joint motion and stipulation for approval of the settlement for the estate of incompetent John M. Moore, Jr. The Court as well, based upon the stipulation of the parties, will order the dismissal with prejudice of the Rule 60(b) motion found in file number 1:01CV335. Therefore, in view of the Court's acceptance of the compromise settlement, both file number 1:01CV334 and file number 1:01CV335 are to be dismissed and administratively closed.

### ORDER AND JUDGMENT

For the reasons stated in the Finding of Facts and Conclusions of Law filed contemporaneously herewith, IT IS HEREBY ORDERED and ADJUDGED that Plaintiff and Guardian *ad litem* Kathleen M. Aldridge and Defendants Oxford Apparel,

Inc. and Oxford Industries, Inc.'s joint motion and stipulation for the approval of the November 28, 2003, settlement entered into by the parties for and on behalf of the estate of incompetent John M. Moore, Jr., is hereby GRANTED. The Court further finds that the terms of the November 28, 2003, settlement, and as modified in the accompanying Finding of Facts and Conclusions of Law, is fair, reasonable, and in the best interest of the estate of incompetent John M. Moore, Jr.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the pending Rule 60(b) motion filed in file number 1:01CV00335 is hereby DISMISSED with prejudice. Therefore, it is ORDERED that both file number 1:01CV334 and file number 1:01CV335 are to be DISMISSED and administratively CLOSED.